UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

CHRISTOPHER CAMAC, and TONI LYNN
CAMAC, both individually and on behalf of their
son, C.T.C., an infant under 17 years of age,

                               Plaintiffs,

                            v.

THE LONG BEACH CITY SCHOOL DISTRICT,
DR. ROBERT GREENBERG, individually and in
his official capacity, AUDREY GOROPEUSCHEK,
individually and in her official capacity, and AMA
DARKEH, individually and in her official capacity,

                                Defendants.

**MEMORANDUM & ORDER**
09-CV-5309 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiffs Christopher Camac and Toni Lynn Camac commenced the above-captioned action on behalf of themselves and their infant son, C.T.C., on December 4, 2009, against Defendants the Long Beach City School District, Dr. Robert Greenberg, Audrey Goropeuscheck, and Ama Darkeh, alleging violations of Plaintiffs' constitutional rights under 42 U.S.C. § 1983. Plaintiffs also asserted violations of their rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.* (the "Rehabilitation Act"), Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.* (the "ADA"), various articles of the New York State Constitution, New York State Human Rights Law, Executive Law § 290, *et seq.* (the "NYSHRL"), and New York State common law. (Docket Entry No. 1) Plaintiffs alleged that Defendants called 911 and falsely reported that C.T.C. had threatened to commit suicide at school, and, as a result, C.T.C. was removed from school, taken by the police and paramedics to Nassau University Medical Center ("NUMC") and held at NUMC for fourteen days. (*Id.*)

Defendants moved to dismiss the Complaint, and on July 22, 2011, Judge Denis R. Hurley[1] granted in part and denied in part Defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] (Docket Entry No. 15 ("Motion to Dismiss Order").)

Defendants later moved for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, (Docket Entry No. 64), and on October 10, 2014, the Court referred the motion to Magistrate Judge Gary R. Brown for a report and recommendation. By Report and Recommendation issued February 3, 2015, ("R&R"), Judge Brown recommended that the Court grant Defendants' motion in its entirety. (Docket Entry No. 75.) No objections to the R&R were filed by the February 18, 2015 deadline. (*See id.* ("Objections to R&R due by 2/18/2015.")) For the reasons set forth below, the Court adopts the R&R and grants Defendants' motion for summary judgment.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation

---

[1] This action was transferred to the undersigned on March 23, 2012.

[2] In the July 22, 2011 Motion to Dismiss Order, Judge Hurley denied Defendants' motion to dismiss as to (1) Plaintiffs' Fourth Amendment seizure claim brought on behalf of C.T.C., and (2) Plaintiffs' Fourteenth Amendment substantive due process claim, brought by Christopher Camac and Toni Lynn Camac on their own behalf, to the extent both of those claims were brought pursuant to Section 1983 against Defendants Goropeuschek and Darkeh in their individual capacities. (Motion to Dismiss Order 39.) Judge Hurley also denied Defendants' motion to dismiss as to (1) Plaintiffs' ADA and Rehabilitation Act retaliation claims; (2) the New York State law false imprisonment claim brought on behalf of C.T.C.; and (3) Plaintiffs' claims under sections 296(6) and 296(7) of the NYSHRL. (*Id.*) Judge Hurley granted Defendants' motion to dismiss as to all other claims. (*Id.* at 38–39.) In opposition to the motion for summary judgment, Plaintiffs voluntarily withdrew their NYSHRL claims. (Pl. Mem. in Opp'n to Defs. Mot. for Summary Judgment ("Pl. Opp'n Mem.") 24.)

2

within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. New York State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

The Court has reviewed the unopposed R&R, and, finding no clear error, the Court adopts Judge Brown's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). For the foregoing reasons, the Court grants Defendants' motion for summary judgment as to all claims. The Clerk of the Court is directed to close this case.

SO ORDERED:

        s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: February 27, 2015
      Brooklyn, New York